**Juan HARRISON, Petitioner— Appellant,**

v.

**Roseanne CAMPBELL, Warden, Mule Creek State Prison; et al., Respondents—Appellees.**

**No. 06–17163.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 16, 2007.

John R. Duree, Jr., Esq., Sacramento, CA, for Petitioner–Appellant.

Paul E. O'Connor, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Juan Harrison appeals the district court's dismissal of his habeas corpus petition. We affirm.

The California Superior Court clearly held that Harrison's state petition for writ of habeas corpus was "untimely." The district court properly imputed this determination to the California Court of Appeal and Supreme Court. The record before each court was substantially similar, and Petitioner has failed to present "strong evidence" to rebut the presumption that the higher courts' unexplained orders leaving in effect the consequences of the lower court's decision rested on the same grounds as those articulated in the last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804–05, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). As the state courts concluded under state law that Harrison's petition was untimely, it was not "properly filed" and Harrison is not entitled to statutory tolling under section 2244(d)(2) of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); 28 U.S.C. § 2244.

Harrison contends that he is entitled to equitable tolling because two extraordinary obstacles made it impossible for him to file his federal habeas petition within the time prescribed under the AEDPA: (1) the superior court's "unforeseeable" conclusion that his state petition was untimely, and (2) the "unforeseeable" application of *Pace* to California's flexible timeliness standard. We disagree. First, in *Pace*, the Supreme Court said that a party may file a "protective petition" in federal court within the AEDPA deadline in order to ensure against an unforeseeable state court determination that a state habeas petition, which would otherwise entitle the petitioner to statutory tolling, was untimely. *Pace*, 544 U.S. at 416–17, 125 S.Ct. 1807. Second, *Pace* held that "time limits, no matter their form, are 'filing' conditions" and expressly discussed the application of this rule to a prior decision of the California Supreme Court. *Id.* at 413–14, 418, 125 S.Ct. 1807. We therefore affirm the district court's denial of equitable tolling.

We decline to reach Harrison's challenge to the constitutionality of 28 U.S.C. § 2244(d)(2) because he raised it for the first time on appeal; his claim before the district court challenged other provisions of AEDPA. *See Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 430 (9th Cir. 1996).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.